IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-03000-BNB

SCOTT FIRTH,

    Applicant,

v.

RICHARD SMELSER, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 24 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Scott Firth, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Firth initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 5, 2010, Mr. Firth filed an amended habeas corpus application pursuant to § 2254 and a supporting brief, which he also styled as an amended § 2254 application. Mr. Firth is challenging the validity of his conviction and sentence in Archuleta County, Colorado, district court case number 02CR68. On March 4, 2010, he paid the $5.00 filing fee for a habeas corpus action after he was denied leave to proceed *in forma pauperis*.

On March 10, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses

in this action. On March 25, 2010, Respondents filed their pre-answer response. On May 10, 2010, after being granted an extension of time, Mr. Firth filed a reply to the pre-answer response. On June 21, 2010, he filed a supplement to the reply.

The Court must construe Mr. Firth's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

Mr. Firth pleaded guilty to one count of sexual assault on a child fifteen to seventeen years of age by one in a position of trust, a class-four felony. On May 19, 2003, the trial court sentenced him to sixty days in jail and granted probation for an indeterminate term of ten years to life. Mr. Firth did not file a direct appeal.

On February 24, 2004, Mr. Firth's probation officer filed a petition to revoke his probation. Following a hearing on March 26, 2004, the trial court revoked Mr. Firth's probation. On April 5, 2004, the trial court sentenced him to an indeterminate sentence of six years to life in the DOC. On August 3, 2004, Mr. Firth filed a motion for reconsideration of sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. On September 28, 2004, the trial court denied the motion.

Mr. Firth did not appeal from the revocation of his probation or the sentence imposed. On April 20, 2006, he filed a Colo. R. Crim. P. 35(c) motion for postconviction relief. Following a hearing, the trial court agreed with Mr. Firth that the evidence as to the knife found in his car was insufficient to support revocation of his probation, but

affirmed the revocation based upon Mr. Firth's failure to complete sex offender treatment successfully. The trial court also rejected Mr. Firth's remaining arguments, and on September 27, 2006, denied his Colo. R. Crim. P. 35(c) postconviction motion.

On November 13, 2006, Mr. Firth appealed the trial court's order denying his Colo. R. Crim. P. 35(c) motion for postconviction relief. *See* pre-answer response, exs. B (opening brief) and C (answer brief). On September 4, 2008, the Colorado Court of Appeals affirmed. *See* pre-answer response, ex. D (***People v. Firth***, No. 06CA2346 (Colo. Ct. App. Sept. 4, 2008)), published at 205 P.3d 445 (Colo. Ct. App. 2008). Mr. Firth then filed a petition for writ of certiorari in the Colorado Supreme Court. *See* pre-answer response, ex. E. On April 13, 2009, the Colorado Supreme Court denied certiorari review.

Mr. Firth filed his habeas corpus application in this Court on December 29, 2009. On January 4, 2010, Magistrate Judge Boland ordered Mr. Firth to file an amended application that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure  On February 5, 2010, Mr. Firth filed an amended application and supporting brief. He asserts five claims that: (1) the probation condition he was accused of violating is unconstitutionally vague on its face and as applied to him, (2) he was denied due process in the probation revocation, (3) resentencing and revocation of probation violated the federal constitutional protections against being punished twice for the same offense, (4) he was denied due process because of ineffective assistance of counsel at his probation revocation hearing, and (5) the Colorado Lifetime Supervision Act of 1998 is unconstitutional.

Respondents first argue that his action is barred by the one-year limitations period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents argue that, in order to apply the one-year limitations period, the Court first must determine the date on which Mr. Firth's conviction became final. They contend that, because Mr. Firth did not file a direct appeal from his conviction, his

4

conviction became final when the time for filing a direct appeal expired. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Firth had forty-five days to file a notice of appeal after he was sentenced on May 19, 2003. They argue that, as a result, Mr. Firth's conviction became final on July 3, 2003, and the one-year limitations period began to run on the same day. Therefore, unless the one-year limitations period was tolled for some period of time, it expired on July 2, 2004, one year after Mr. Firth's conviction became final.

Although Mr. Firth does not allege he was prevented by unconstitutional state action from filing this action sooner and he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, he does allege that the factual predicate of his claims could not have been discovered through the exercise of due diligence until September 27, 2008, when the trial court denied his Colo. R. Crim. P. 35(c) motion for postconviction relief. *See* 28 U.S.C. § 2244(d)(1)(B), (C) and (D). The Court disagrees.

The Court finds that factual predicate of Mr. Firth's claims could not have been discovered through the exercise of due diligence until March 26, 2004, when his probation was revoked, or until April 5, 2004, when he was resentenced to an indeterminate sentence of six years to life in the DOC. The Court will calculate the one-year limitations period from the April 5, 2004, date of resentencing. However, even calculating the one-year limitations period from April 5, 2004, Mr. Firth's application is time-barred.

Resentencing starts a new limitations period for federal habeas purposes only with regard to claims related to the new judgment. *See Bachman v. Bagley*, 487 F.3d

979, 982 (6th Cir. 2007) (applicant's designation as sexual predator did not restart statute of limitations, as all federal habeas claims related to original judgment); *see also Fielder v. Varner*, 379 F.3d 113, 122 (3d Cir. 2004); *but see Walker v. Crosby*, 341 F.3d 1240, 1246 (11th Cir. 2003) (resentencing restarts statutes of limitations for all claims of habeas application). Assuming that Mr. Firth's conviction became final forty-five days following his April 5, 2004, resentencing, the time during which he could have appealed from the sentence imposed, *see* Colo. R. App. P. 4(b), the one-year limitations period began to run on May 20, 2004.

Mr. Firth filed a Colo. R. Crim. P. 35(b) motion on August 3, 2004, 75 days later. The limitations period was tolled until September 28, 2004, when the trial court denied the Rule 35(b) motion. *See Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir. 2006) (Colo. R. Crim. P. 35(b) motion tolls the statute of limitations). On April 20, 2006, 569 days after the denial of the Rule 35(b) motion, Mr. Firth filed a Colo. R. Crim. P. 35(c) motion for postconviction relief. The one-year limitations period was tolled until April 13, 2009, during which the Colorado Court of Appeals affirmed and the Colorado Supreme Court denied certiorari review. Mr. Firth does not allege that he sought certiorari review in the United States Supreme Court. The one-year limitations period is tolled during the pendency of a postconviction motion in the state trial and appellate courts, but is not tolled during the 90-day period for seeking review in the United States Supreme Court. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 2000). After the completion of the state postconviction proceedings, 260 days elapsed before December 29, 2009, when Mr. Firth filed his application in this Court.

Even assuming that the limitations period did not begin running until May 20, 2004, 904 days elapsed until the filing of the instant habeas corpus application. As a result, the instant application is untimely. As a result, the Court finds that Mr. Highline's claims challenging his conviction in 99CR1015 are time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate actually is innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Firth maintains that his attorney's conflict of interest representing him both in his divorce and in the criminal case against him, his inability to proceed caused by his divorce, and the ineffective assistance of his counsel justify equitable tolling of the one-year limitation period. These conclusory allegations are insufficient to demonstrate that Mr. Firth diligently pursued his claims challenging his conviction in No. 02CR68 or

that extraordinary circumstances beyond his control made it impossible to file the instant application on time. He does not argue that he was actually innocent. Therefore, the Court finds that Mr. Firth fails to demonstrate equitable tolling is appropriate, and the claims challenging No. 02CR68 will be dismissed as barred by the one-year limitation period. Because the Court finds that the instant application is time-barred, the Court need not address Respondents remaining arguments for dismissal.

Accordingly, it is

ORDERED that the application is denied and the action dismissed as time-barred. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __24th__ day of __June__, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-03000-BNB

Scott Firth
Prisoner No. 121488
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

Rebecca A. Adams
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/24/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk