IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-03000-BNB

SCOTT FIRTH,

Applicant,

v.

RICHARD SMELSER, and
JOHN SUTHERS, Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 26 2010

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the motion titled "Motion to Reconsider Due to Erroneous Data and Failure to Consider Relevant Facts" submitted *pro se* by Applicant, Scott Firth, and filed with the Court on July 7, 2010. Mr. Firth seeks reconsideration of the order of dismissal and the judgment filed on June 24, 2010, denying his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Firth is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado.

The Court must construe the July 7 motion liberally because Mr. Firth is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

The Court denied the application and dismissed the action as time-barred pursuant to 28 U.S.C. § 2244(d). The reasons for the dismissal are explained in greater detail in the June 24 dismissal order.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Firth's motion to reconsider pursuant to Fed. R. Civ. P. 59(e) because it was filed within twenty-eight days after the judgment was entered in this action on June 24. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

Mr. Firth points out a typographical error on page 7 of the dismissal order. The last sentence in the first paragraph should have read: "As a result, the Court finds that

Mr. Firth's claims challenging his conviction in 02CR68 are time-barred in the absence of some other reason to toll the one-year limitation period." By this order, that error is corrected.

Mr. Firth also contends that equitable tolling is appropriate because he was innocent of any probation violation. Mr. Firth's actual innocence argument does not justify equitable tolling of the one-year limitation period.

A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate actual innocence, Mr. Firth first must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id.* Mr. Firth then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. Mr. Firth does not identify any new, reliable evidence in support of his actual innocence argument and, as a result, he fails to convince the Court "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Firth's alleged lack of awareness of the Colorado Sex Offender Lifetime Supervision Act of 1998, Colo. Rev. Stat. 18-1.3-1001 to -1012, prior to September 27, 2006, when his Colo. R. Crim. P. 35(c) postconviction motion was denied, also does not convince the Court that reconsideration is warranted. The United States Supreme Court recently affirmed that § 2244(d)'s limitations period is subject to equitable tolling.

*See Holland v. Florida*, 130 S. Ct. 2549, 2559, 2562 (U.S. June 14, 2010). In so doing, the Supreme Court also affirmed that a habeas applicant seeking equitable tolling must clear a high hurdle. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevent timely filing." *Id.* at 2562 (internal quotation marks omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) ("'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.'" (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). In light of this high standard, Mr. Firth's alleged ignorance of the lifetime supervision act, a statute in existence five years before he was sentenced in 2003 and six years before he was resentenced in 2004 after the revocation of his parole, is insufficient to justify the extraordinary remedy of equitable tolling. *See Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995) (a petitioner's "assertions that he is not a lawyer and he was unaware of [a] statute's existence are insufficient as a matter of law to constitute 'cause'" to surmount a habeas procedural bar).

Upon consideration of the entire file, the Court finds and concludes that Mr. Firth fails to demonstrate some reason why the Court should reconsider and vacate the decision to dismiss this action. Mr. Firth fails to demonstrate the existence of an intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied.

Accordingly, it is

ORDERED that the titled "Motion to Reconsider Due to Erroneous Data and Failure to Consider Relevant Facts" submitted *pro se* by Applicant, Scott Firth, and filed with the Court on July 7, 2010, and which the Court has construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this __26th__ day of __July__, 2010.

BY THE COURT:

*[signature]*

CHRISTINE A. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-03000-BNB

Scott Firth
Prisoner No. 121488
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

Rebecca A. Adams
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/26/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk